THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| POINTSTORY, LLC, a Washington limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PROTALUS USA, LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-01691-MLP<br><br>**DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY DEMAND** |

　　　　Defendant Protalus USA, LLC ("Defendant" or "Protalus") answers plaintiff PointStory, LLC's ("Plaintiff" or "PointStory") complaint as follows:

### I.　PARTIES AND JURISCTION

　　1.1.　Defendant denies the allegations in paragraph 1.1 of Plaintiff's Complaint.

　　1.2.　Defendant denies the allegations in paragraph 1.2 of Plaintiff's Complaint.

　　1.3.　Defendant admits the allegations in paragraph 1.3 of Plaintiff's Complaint.

　　1.4.　Defendant admits the allegations in paragraph 1.4 of Plaintiff's Complaint.

### II.　FACTS

　　2.1.　Defendant admits the allegations in paragraph 2.1 of Plaintiff's Complaint, but denies Plaintiff performed work for Protalus's benefit.

　　2.2.　Defendant admits PointStory and Protalus executed an amended agreement.

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 1

**CHENOWETH LAW GROUP, PC**
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

2.3. Defendant admits the parties' agreements were terminated on or about March 31, 2023.

2.4. Defendant denies the allegations in paragraph 2.4 of Plaintiff's Complaint.

2.5. Defendant admits the allegations in paragraph 2.5 of Plaintiff's Complaint but denies Plaintiff rendered services for which it should be compensated.

### III. BREACH OF CONTRACT

3.1. In response to paragraph 3.1, because Plaintiff realleges paragraphs 1.1 through 2.5, Protalus realleges its answers above to those paragraphs.

3.2. Defendant admits paragraph 3.2 to the extent Plaintiff and Defendant are parties to a contract, but denies the remaining allegations.

3.3. Defendant denies the allegations in paragraph 3.3 of Plaintiff's Complaint.

3.4. Defendant denies the allegations in paragraph 3.4 of Plaintiff's Complaint.

### IV. UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

4.1. In response to paragraph 4.1, because Plaintiff realleges paragraphs 1.1 through 3.4, Protalus realleges its answers above to those paragraphs.

4.2. Defendant denies the allegations in paragraph 4.2 of Plaintiff's Complaint.

4.3. Defendant denies the allegations in paragraph 4.3 of Plaintiff's Complaint.

### V. **AFFIRMATIVE DEFENSES**

#### FIRST AFFIRMATIVE DEFENSE

**(Breach of Contract)**

5. Plaintiff's claims are barred in whole or part due to its breach of the contract.

#### SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

6. Plaintiff's claims are barred in whole or part based on the doctrine of estoppel.

///

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 2

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

### THIRD AFFIRMATIVE DEFENSE

### (Set Off/Recoupment)

7. Plaintiff's claims are barred in whole or part due to the doctrine of set off or recoupment.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to state a claim)

8. Plaintiff has failed to state claims for which relief may be granted.

### VI. COUNTERCLAIMS

For its counterclaims against plaintiff PointStory, LLC ("PointStory"), defendant Protalus USA, LLC ("Protalus") alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

9. PointStory is a Washington limited liability company with its principal place of business in King County, Washington.

10. Protalus is a Delaware limited liability company with its principal place of business in Washington County, Oregon.

11. Jurisdiction and venue are proper in this Court.

### BACKGROUND FACTS

12. Protalus is an online-based shoe insole designer and retailer.

13. PointStory is a digital marketing firm that claims to specialize in online advertising services related to Amazon, Google, and Meta.

14. From its inception in 2014 through 2019 Protalus managed its own online marketing and advertising. Sometime around January 2020, PointStory began managing Protalus's website e-commerce and its Amazon marketplace account.

15. On or about December 21, 2020, the parties entered an agreement under which PointStory agreed to continue managing Protalus's Amazon marketplace account and provide

DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) - Page 3

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

other services related to advertising on Amazon (hereinafter, the "Amazon Agreement"). PointStory agreed to provide services to Protalus under the Amazon Agreement until on or about March 31, 2023.

16.     On or about January 5, 2022, the parties entered an agreement under which PointStory agreed to manage and provide other services to Protalus related to Protalus's social media advertising and search engine pay-per-click advertising (hereinafter, the "Online Ads Agreement"). PointStory agreed to provide services to Protalus under the Online Ads Agreement until on or about March 31, 2023.

17.     Under both the Amazon Agreement and the Online Ads Agreement (collectively, the "Agreements"), PointStory agreed to manage Protalus's online advertising and e-commerce from January 2022 through March 2023. During this time period, Protalus sales revenue declined despite its significant increased spending on online advertising under PointStory's control.

18.     When Protalus raised its concerns about the ongoing decreased return on ad spend ("ROAS") to PointStory, PointStory represented that its services were nonetheless adding an indeterminate benefit to Protalus's sales channels and increasing Protalus's organic sales. PointStory also represented that increased market pressures and changes in privacy laws were the cause of Protalus's decreasing ROAS and that Protalus's historically successful ROAS would never recover under anyone's management.

19.     At all material times, PointStory represented itself as an expert in online marketing. Protalus acted and relied upon PointStory's recommendations, in part based on PointStory's representation that discontinuing PointStory's services would cause irreparable damage to Protalus's sales and ROAS.

20.     In early 2022, PointStory suggested Protalus implement a new affiliate channel using an outside vendor called Impact, which PointStory would manage for an additional cost of

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 4

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

$3,500 per month. PointStory represented that it would identify and vet potential affiliate partners which would send traffic to Protalus's website in exchange for a 15% commission for each completed sales order. Protalus agreed to implement the Impact program and paid $14,000 in fees directly to Impact in addition to the management fees Protalus paid PointStory.

21. Unbeknownst to Protalus, in February 2022 PointStory began using an artificial intelligence program to automatically approve and accept potential affiliate partners and enter contracts with such affiliates on Protalus's behalf. PointStory set the program to automatically accept anyone who applied to be an affiliate, at which time PointStory stopped managing the Impact account itself. Many of the automatically-approved affiliates submitted fraudulent sales orders, causing Protalus to pay approximately $44,036 in affiliate commission payouts for fraudulent sales.

22. From January 2022 through March 2023, Protalus paid PointStory management fees totaling $194,250.00 for PointStory's management of Google, Meta, Impact, and Amazon accounts.

23. Sometime around January 2023, Protalus began to suspect PointStory had severely neglected and/or mismanaged Protalus's online advertising efforts on Amazon, Meta, and Google. For example, PointStory created and published unreadable or inaccurate advertising images for Protalus's products; initiated illogical audience targeting campaigns which excluded potential customers that resembled Protalus's existing customers; failed to monitor the effectiveness or cost of advertising campaigns; and caused Protalus to pay for paid search results in competition with Protalus's own organic search results.

24. Prior to PointStory's management of Protalus's online advertising, Protalus earned a positive ROAS. However, as a result of PointStory's mismanagement of Protalus's accounts, Protalus suffered a negative ROAS across Google, Meta, and Amazon from January 2022 through March 2023, resulting in a net loss on advertising spending of at least $260,387.44.

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 5

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

25. PointStory's neglect and mismanagement of Protalus's accounts further caused Protalus to lose expected net sales revenue of at least $386,173.92.

26. After the parties terminated the Amazon Agreement and the Online Ads Agreement on March 31, 2023, Protalus regained control of its e-commerce and online advertising accounts and was able to almost immediately raise its ROAS by turning off hundreds of poorly performing advertisements that had been implemented by PointStory.

27. As a result of PointStory's mismanagement of Protalus's online advertising, Protalus has suffered data harm that has and continues to negatively impact Protatlus's sales, online advertising performance, and related online algorithms.

28. Since regaining control of its accounts, Protalus has had to spend significant time and resources rebuilding its online presence and advertising campaigns to restore its ROAS back to the positive ROAS Protalus enjoyed prior to PointStory's management. Protalus has expended no less than $50,000 as a result of the time, labor, and forensic analysis required to repair its online presence and advertising campaigns.

## FIRST COUNTERCLAIM

### (Violation of Washington Consumer Protection Act)

29. Protalus realleges paragraphs 1 through 28 and further alleges:

30. PointStory made unfair and deceptive representations to Protalus, including but not limited to its representations PointStory would:

(a) increase Protalus's ROAS;

(b) strategize and control Protalus's spending on online advertisements;

(c) monitor and test the effectiveness of the advertising campaigns it conducted on Protalus's behalf;

(d) cause Protalus to experience increased sales revenue in an amount that would cover the fees and costs Protalus spent under the Agreements;

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 6

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

(e) review advertising imagery for formatting and accuracy; and

(f) otherwise manage Protalus's online advertising and e-commerce in accordance with industry standards.

31. As a direct result of PointStory's conduct, Protalus has been damaged in the form of net loss advertising spending, lost expected revenue, and the management fees and costs Protalus paid PointStory. Protalus has been damaged in an amount to be determined at trial but not less than $948,847.36.

32. PointStory acted unfairly and deceptively in violation of the Washington Consumer Protection Act, RCW 19.86.020 et seq.

33. PointStory's conduct and actions occurred in trade and commerce and caused injury to Protalus's business and/or property.

34. PointStory's conduct affects the public interest. PointStory's deceptive acts and practices against Protalus were committed in the course of PointStory's business; PointStory advertises to the public through several channels, including its website which represents its promise to increase its customers' return on investment.

35. Protalus is entitled to actual and treble damages and recover of its attorney's fees and costs in bringing this lawsuit pursuant to RCW 19.86.090 and a civil penalty of $7,500 per violation pursuant to RCW 19.86.140.

### SECOND COUNTERCLAIM
### (Negligent Misrepresentation)

36. Protalus realleges paragraphs 1 through 35 and further alleges:

37. PointStory supplied information for the guidance of Protalus with respect to Protalus's business transactions, including Protalus's decision to enter the Agreements and hire PointStory to manage its online advertising and e-commerce. The information PointStory supplied Protalus included its representations PointStory would:

DEF'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS (23-1691) - Page 7

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

(a) increase Protalus's ROAS;

(b) strategize and control Protalus's spending on online advertisements;

(c) monitor and test the effectiveness of the advertising campaigns it conducted on Protalus's behalf;

(d) cause Protalus to experience increased sales revenue in an amount that would cover the fees and costs Protalus spent under the Agreements;

(e) review advertising imagery for formatting and accuracy; and

(f) otherwise manage Protalus's online advertising and e-commerce in accordance with industry standards.

38. The information PointStory supplied Protalus was false.

39. PointStory knew or should have known the information was supplied to guide Protalus with respect to its business transactions and decision to enter the Agreements and hire PointStory to manage its online advertising and e-commerce.

40. PointStory was negligent in obtaining and/or communicating the false information to Protalus.

41. Protalus relied on the false information PointStory provided, and agreed to enter the Agreements and provide Protalus access to manage its online accounts.

42. Protalus's reliance on the false information PointStory provided was reasonable.

43. The false information caused Protalus to incur damages in the form of net loss advertising spending, lost expected revenue, and the management fees and costs it paid PointStory. Protalus has been damaged in an amount to be determined at trial but not less than $948,847.36.

### THIRD COUNTERCLAIM

### (Fraud)

44. Protalus realleges paragraphs 1 through 43, and further alleges.

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 8

**CHENOWETH LAW GROUP, PC**
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

45. In addition to the representations described in the above paragraph 30, PointStory made representations of material facts to Protalus, including but not limited to the following:

(a) PointStory's services were causing an increase in organic sales, notwithstanding Protalus's decreased ROAS;

(b) competitor and market pressures were preventing Protalus from earning a positive ROAS;

(c) changes in privacy laws were the unavoidable cause of Protalus's decreased ROAS; and

(d) Protalus's decreased sales revenue and ROAS was due to Protalus' poor product quality.

46. PointStory's representations were false. At all material times, PointStory knew or should have known its representations were false.

47. PointStory intended for Protalus to act upon its representations.

48. At all material times, Protalus was unaware such representations were false.

49. Protalus relied on the truth of such representations by entering the Agreements and continuing to pay PointStory for the purported services it was providing under the Agreements.

50. Protalus had a right to rely on such representations.

51. As a result, PointStory has been damaged in in the form of net loss advertising spending, lost expected revenue, and the management fees and costs it paid PointStory. Protalus has been damaged in an amount to be determined at trial but not less than $948,847.36.

## FOURTH COUNTERCLAIM

### (Attorney Fees)

52. Protalus realleges paragraphs 1 through 50, and further alleges.

53. Pursuant to Section 16 of the Online Ads Agreement, Protalus is entitled to an

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 9

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

award of its reasonable attorney fees and costs incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. Dismissal of Plaintiff's complaint in its entirety with prejudice;

2. Attorney fees and costs;

3. Any other relief as the Court deems just at equitable;

4. On Defendant's FIRST COUNTERCLAIM FOR RELIEF: (a) a judgment against Plaintiff in an amount to be determined at trial but no less than $948,847.36; (b) costs and disbursements pursuant to RCW 4.84.030; (c) costs and attorney fees pursuant to RCW 4.84.185; (d) treble damages and reasonable attorney's fees and costs incurred herein pursuant to RCW 19.86.090; (e) a civil penalty in the amount of $7,500 per violation pursuant to RCW 19.86.140; and (f) any other and further relief that Court deems just and equitable.

5. On Defendant's SECOND COUNTERCLAIM FOR RELIEF: (a) a judgment against Plaintiff in an amount to be determined at trial but no less than $948,847.36; (b) costs and disbursements pursuant to RCW 4.84.030; (c) costs and attorney fees pursuant to RCW 4.84.185; and (d) any other and further relief that Court deems just and equitable.

6. On Defendant's THIRD COUNTERCLAIM FOR RELIEF: (a) a judgment against Plaintiff in an amount to be determined at trial but no less than $948,847.36; (b) costs and disbursements pursuant to RCW 4.84.030; (c) costs and attorney fees pursuant to RCW 4.84.185; and (d) any other and further relief that Court deems just and equitable.

///

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 10

**CHENOWETH LAW GROUP, PC**
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com

7. On Defendant's FOURTH COUNTERCLAIM FOR RELIEF: (a) costs and attorney fees pursuant to the parties' contract; and (b) any other and further relief that Court deems just and equitable.

DATED: July 8, 2024

CHENOWETH LAW GROUP, PC

*s/ Micah Steinhilb*
MICAH STEINHILB, WSBA No. 45311

*Attorney for Defendant*

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: brianc@chenowethlaw.com**
**sgustitus@chenowethlaw.com**
**micahs@chenowethlaw.com**

# DECLARATION OF SERVICE

I hereby certify that I caused to be served a copy of the foregoing **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** the following person(s) in the manner indicated below at the following address(es):

Nicholas W. Juhl
Lovik & Juhl, PLLC
936 N 35th Street, Suite 300
Seattle, WA 98103
njuhl@lovikandjul.com
*Attorney for Plaintiff*

by the following method(s)

  xx    by **e-service / emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

_____ by **mailing** a full, true and correct copy thereof in a sealed, first-class, postage pre-paid envelope, addressed to the last-known address of the parties as shown above, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

Dated: July 8, 2024

CHENOWETH LAW GROUP, PC

*s/ Brian Martinez*
Brian Martinez, Paralegal

**DEF'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (23-1691) -** Page 12

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: **brianc@chenowethlaw.com
sgustitus@chenowethlaw.com
micahs@chenowethlaw.com**