# 48 at 2.) The agreement was terminated in March 2023. (*Id.*) Subsequently, Plaintiff sued Defendant for breach of contract, and the case was removed to this Court. (Dkt. # 1, Ex. A.) Following a three-day jury trial, the jury found that Defendant breached the contract and Plaintiff suffered damages, but also found that Plaintiff materially breached the contract first. (Dkt. # 62.) The jury also found in favor of Defendant on a negligent misrepresentation claim, identifying $69,125.00 in damages, but determined Defendant failed to mitigate those damages. (*Id.*) Subsequently, the Court entered judgment as follows:

> (1) Plaintiff PointStory is awarded judgment on its claim for breach of contract against Defendant Protalus, in the amount of $106,745.47.
> (2) Defendant Protalus is awarded judgment on its claim for negligent misrepresentation against Plaintiff PointStory, in the amount of $69,125.00.
> (3) Defendant Protalus failed to take reasonable steps to reduce or avoid damages in the amount of $70,000.00.

(Dkt. # 64.)

Defendant now moves to amend the judgment under Fed. R. Civ. P. 59(e) and 60(a), arguing that the jury's finding of Plaintiff's prior material breach bars Plaintiff from recovering any contract damages. (Mot. at 1.)

### III.   LEGAL STANDARDS

Rule 59(e) permits a litigant to file a "motion to alter or amend a judgment" within 28 days from the entry of the judgment. *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting Fed. R. Civ. P. 59(e)). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* at 508 (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks omitted). "A district court may grant a Rule 59(e) motion if it 'is presented with newly

1 discovered evidence, committed clear error, or if there is an intervening change in the controlling
2 law.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d
3 1117, 1121 (9th Cir. 2014)).

4     Rule 60(a) permits the court to "correct a clerical mistake or a mistake arising from
5 oversight or omission whenever one is found in a judgment, order, or other part of the record."
6 Fed. R. Civ. P. 60(a). Further, "[t]he court may do so on motion or on its own, with or without
7 notice." *Id.* As relevant here, Rule 60(a) "allows a court to clarify a judgment in order to . . .
8 reflect the necessary implications of the original order, [or] to ensure that the court's purpose is
9 fully implemented." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (citing
10 *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)).

## IV.   ANALYSIS

12     In this case, the jury explicitly found that Plaintiff materially breached the contract first.
13 (Dkt. # 62 at 2.) Under Washington law, this finding is a *complete defense* to Plaintiff's breach of
14 contract claim. *Rosen v. Ascentry Techs., Inc.*, 143 Wn. App. 364, 369 (Wash. Ct. App. Div. 1,
15 2008) ("A party is barred from enforcing a contract that it has materially breached."); *see also*
16 *Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 53 Wn. App. 77, 81 (Wash. Ct. App. Div. 1, 1988) ("A
17 material failure by one party gives the other party the right to withhold further performance . . .
18 The breaching party has a reasonable time to cure, after which the injured party may either sue
19 for total breach or rescind and obtain restitution.") (internal citation omitted); Wright & Miller,
20 § 1270 Affirmative Defenses—In General, 5 Fed. Prac. & Proc. Civ. § 1270 (4th ed.) ("An
21 affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the
22 jury."). The judgment, as entered, directly contradicts this principle and the jury's finding.

Notably, this principle was recognized and affirmed by the parties and the Court during discussion about jury instructions and the verdict form, where the Court clarified that a material breach serves as a complete defense to Plaintiff's ability to enforce the contract. (Dkt. # 69 at 2 (in pertinent part, THE COURT: "[A] material breach would be a complete defense to [Plaintiff's] claim for breach of contract." MR. CHENOWETH: "Material breach excuses performance." MR. JUHL: "Yes.").) It was also reflected in the jury instructions, which defined "material breach" as "a breach that is serious enough to justify the other party in abandoning the contract" (dkt. # 56, Inst. No. 14), and in the verdict form (dkt. # 62 at 2). The verdict form directed the jury—if it found in favor of Defendant's affirmative defense of prior material breach—to skip all questions related to recoupment and proceed directly to Defendant's counterclaims.[1] (Dkt. # 62 at 2.)

Plaintiff argues that the verdict demonstrates the jury "tailor[ed] the remedy to the specific context of the breach" and, taking Defendant's affirmative defense into account, properly apportioned damages for Plaintiff in the amount of $106,745.47. (Resp. at 4-5.) This argument, however, ignores the plain reading of the verdict form's instructions. The verdict form began with a special interrogatory asking whether Plaintiff proved that Defendant breached a valid and enforceable contract. (Dkt. # 62 at 1.) The jury answered affirmatively. (*Id.*) The form then instructed that, if the answer was "yes," the jury should proceed to answer questions regarding damages resulting from Defendant's breach. (*Id.* at 2.) The jury answered these questions and identified damages of $106,745.47. (*Id.*) Next, the form posed a special

---

[1] Recoupment, in the commercial setting, is an equitable doctrine allowing a defendant to reduce liability based on matters arising from the same transaction. *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1401 (9th Cir. 1996). As relevant here, because Defendant prevailed on its affirmative defense of Plaintiff's prior material breach, it was not liable for Plaintiff's claim. Therefore, the jury's finding of material breach obviated any need to consider recoupment damages, as recoupment was only relevant if Defendant had failed to prove its affirmative defense.

ORDER GRANTING MOTION TO AMEND
JUDGMENT - 4

interrogatory asking whether Defendant proved its affirmative defense that Plaintiff was the first to materially breach. (*Id.*) The jury again answered affirmatively. (*Id.*) The form then directed that, if the answer was "yes," the jury should skip all questions related to recoupment and proceed directly to Defendant's counterclaims. (*Id.*) Consistent with these instructions, the jury found in favor of Defendant's affirmative defense of prior material breach without calculating damages based on that defense. (*Id.*) This finding precludes Plaintiff's entitlement to damages on the breach of contract claim and belies Plaintiff's assertion that the jury considered and rejected any amount of recoupment.

Plaintiff's argument relies on the Court's response to Jury Question 2, which asked whether the "abandoning nature of 'material breach'" could be applied retroactively. The Court responded that "breach of a substantial part of an entire contract gives the injured party an election to abandon the contract, or to perform and recover damages" (dkt. # 59), citing Washington Pattern Jury Instruction 302.03, which draws from *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wn.2d 577, 588-89 (2007). The *Colorado Structures* court clarified that a material breach may be treated as total, ending the contract, or waived, allowing continued performance and the preservation of the right to seek damages. *Id.* at 588-89. Contrary to Plaintiff's argument, however, courts also recognize that continued performance after a breach does not automatically constitute a waiver of the right to rescind. For example, in *Reynolds Metals Co. v. Elec. Smith Const. & Equip. Co.*, 4 Wn. App. 695, 699 (Wash. Ct. App. Div. 1, 1971), which Plaintiff relies upon (Resp. at 4), the court held that continued performance after a breach does not constitute a waiver of the right to terminate, especially when the non-breaching party objects and refuses to accept the breach.

The critical distinction in this case is that Defendant raised prior material breach as an affirmative defense and did not instead counterclaim for breach of contract damages. The evidence presented at trial supported that Defendant objected to Plaintiff's performance and did not accept or waive the breach. (*See*, *e.g.*, dkt. ## 50, Ex. 125 (amended agreement serving as cancellation of services, executed in March 2023); 52, Ex. 114 (text messages from Defendant to Plaintiff, noting concerns with account management on June 27, 2022), 118 (April 14, 2022, text messages noting Defendant's concerns about fraudulent account administration), 120 (June 22, 2022 email from Defendant to Plaintiff, noting unsustainable dip in advertising traffic and resulting damage), 132 (June 14, 2022 email from Defendant raising concerns about slow-down in advertising engagement).) Moreover, having thoroughly reviewed the trial record, the Court notes that Plaintiff failed to raise an argument regarding waiver at any time prior to now. The theory was not raised by Plaintiff in any pretrial motion. (Dkt. # 26.) It was not addressed in Plaintiff's contentions of fact and law. It was not addressed in the written trial brief. (Dkt. # 42.) It was unmentioned in Plaintiff's opening statement. It was not made clear during its presentation of evidence. (*See*, *e.g.*, dkt. ## 50, Ex. 15 (weekly notes); 52, Exs. 5-13 (invoices dated May 2022 to March 2023).) It was not argued to the jury in Plaintiff's closing argument. Plaintiff did not request, and the Court did not provide, any instruction on waiver by Defendant. (Dkt. ## 43, 45.) Nor did the special verdict submitted to the jury address or anticipate this theory. (Dkt. # 62.) Accordingly, Plaintiff's last-minute contention that the jury determined Defendant waived its right to terminate is unavailing.

Plaintiff nonetheless directs the Court to *McDonald v. Stern*, 27 Wn. App. 2d 479, 496-97 (Wash. Ct. App. Div. 1, 2023), *C 1031 Props., Inc. v. First Am. Title Ins. Co.*, 175 Wn. App. 27, 34 (Wash. Ct. App. Div. 3, 2013), and *RWR Mgmt., Inc. v. Citizens Realty Co.*, 133 Wn. App.

1   265, 274 (Wash. Ct. App. Div. 3, 2006) to argue that the jury had discretion to tailor the remedy.

2   (Resp. at 5.) These cases are distinguishable, however. In *McDonald*, the court addressed

3   instructional error and preservation for review, but the case did not address the legal effect of an

4   affirmative defense of prior material breach on a breach of contract claim. 27 Wn. App. 2d at

5   496-97. Similarly, *C 1031 Props.* involved knowledge of easements and damages but did not

6   address a jury's explicit finding of prior material breach. 175 Wn. App. at 34. Likewise, in *RWR*

7   *Mgmt.*, the court upheld a quantum meruit verdict based on sufficient evidence, which did not

8   involve a situation where a jury found a prior material breach that should have barred recovery.

9   133 Wn. App. at 274. These cases affirm the general principle that damages are a question of fact

10  for the jury, but they do not undermine the established rule that a prior material breach bars the

11  breaching party from recovery.

12          As a general rule, "a court has a duty under the Seventh Amendment to harmonize a

13  jury's seemingly inconsistent answers if a fair reading allows for it." *Bains LLC v. Arco Prods.*

14  *Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 771 (9th Cir. 2005). The fact that the jury initially

15  identified damages for Plaintiff before considering the affirmative defense, does not override the

16  clear and unambiguous finding that Plaintiff materially breached the contract first, which

17  operates as a complete bar to recovery under Washington law. *City of Woodinville v. Northshore*

18  *United Church of Christ*, 166 Wn.2d 633, 647 (Wash. 2009) ("If a party materially breaches a

19  contract, the other party may treat the breach as a condition excusing further performance.");

20  *Jacks v. Blazer*, 39 Wn.2d 277, 285 (Wash. 1951) ("A breach or non-performance of a promise

21  by one party to a bilateral contract, so material as to justify a refusal of the other party to perform

22  a contractual duty, discharges that duty."); *Zenith Glob. Sols., Inc. v. Linden Vill. Assisted Living*

23  *Cmty., LLC*, 18 Wn. App. 2d 1014 (Wash. Ct. App. Div. 1, 2021) ("Material breach is an

affirmative defense to a breach of contract claim."); *see also DC Farms*, *LLC*, *v. Conagra Foods Lamb Weston*, *Inc.*, 179 Wn. App. 205, 220 (Wash. Ct. App. Div. 3, 2014); *224 Westlake, LLC v. Engstrom Props., LLC*, 169 Wn. App. 700, 707 (Wash. Ct. App. Div. 1, 2012).

In sum, while the verdict form identified damages for Plaintiff's breach of contract claim, these damages are separate from and do not supersede the jury's subsequent dispositive finding on Defendant's affirmative defense. The error in the judgment stems from a failure to incorporate the jury's verdict on the key affirmative defense. This Court has both the authority and the obligation to correct that clear error under Rule 60(a) and Rule 59(e). Doing so ensures the final judgment reflects what the law, record, instructions, and verdict plainly establish: Plaintiff's claim is barred by Defendant's affirmative defense of prior material breach.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Amend the Judgment. (Dkt. # 73.) The Court will issue a separate amended judgment consistent with the terms of this Order.

The Court also notes that Plaintiff has filed a Motion for Attorney Fees. Given the Court's analysis herein and forthcoming amended judgment, Plaintiff's Motion for Attorney Fees (dkt. # 67) is STRICKEN as moot.

Dated this <u>28th</u> day of July, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND
JUDGMENT - 8