UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

POINTSTORY LLC,

           Plaintiff,

    v.

PROTALUS USA LLC,

           Defendant.

Case No. C23-1691-MLP

ORDER

## I.    INTRODUCTION

Before the Court is Defendant Protalus USA, LLC's Motion for Attorney Fees. (Mot. (dkt. # 83).) Plaintiff PointStory LLC has responded (Resp. (dkt. # 87)), and Defendant has replied (Reply (dkt. # 88)). Having reviewed those filings, the supporting materials, and the governing law, the Court DENIES Defendant's Motion (dkt. # 83).[1] The Court's reasoning follows.

## II.    BACKGROUND

This case arises from a 2020 agreement under which Plaintiff was to provide advertising management services for Defendant. (Dkt. # 48 at 2.) Plaintiff initiated this action after the

---

[1] The Court also DENIES Defendant's request to strike Plaintiff's response (dkt. # 88 at 1-3).

ORDER - 1

agreement was terminated in March 2023, alleging breach of contract and seeking $121,239.25 in damages, along with a claim for unjust enrichment and attorney's fees. (Dkt. # 1-2 at 2-3.)

Defendant removed the case to this Court based on diversity jurisdiction (dkt. # 1), and filed counterclaims for consumer protection violations, fraud, and negligent misrepresentation. For each counterclaim, Defendant sought $948,847.36 in damages. (Dkt. # 25 at 2-10.)

After a three-day jury trial—at which the Court dismissed Plaintiff's unjust enrichment claim as duplicative of its breach of contract claim (dkt. # 53 at 1)—the jury returned the following verdict: (1) Plaintiff proved breach of contract, but recovery was barred by its prior material breach; (2) Defendant proved negligent misrepresentation, but recovery was precluded due to its failure to mitigate damages; and (3) Defendant failed to prove consumer protection violations or fraud. (Dkt. # 62.)

As neither party obtained a net monetary judgment, the Court entered the following Amended Judgment:

> (1) Judgment is entered in favor of Defendant Protalus and against Plaintiff PointStory on Plaintiff's breach of contract claim, which is barred by Defendant's affirmative defense of prior material breach.
>
> (2) Judgment is entered in favor of Defendant Protalus and against Plaintiff PointStory on Defendant's claim for negligent misrepresentation. Defendant is awarded $69,125.00 on this claim; however, this amount is subject to a deduction of $70,000.00 for Defendant's failure to take reasonable steps to reduce or avoid damages. Because the deduction exceeds the award, the net result is that Plaintiff owes Defendant nothing on the negligent misrepresentation claim.

(Dkt. # 80.)

### III.   LEGAL STANDARD

In a diversity action, "a motion for attorney's fees and costs is reviewed under the governing state law." *City of Blaine v. Golder Associates, Inc.*, 2006 WL 3000131, at *1 (W.D. Wash. Oct. 18, 2006). Here, the parties' agreement specifies that Washington law governs and

entitles the substantially prevailing party to recover reasonable enforcement costs and attorney's fees. (Chenoweth Decl. (dkt. # 84), ¶ 1; *id.*, Ex. 1 at 4; RCW 4.84.330.)

Under Washington law, "a prevailing party is usually one who secures judgment in its favor." *King Cnty. v. Walsh Constr. Co. II, LLC*, 2025 WL 2206312, at *5 (Wash. Ct. App. Aug. 4, 2025) (collecting cases). The term "substantially prevails" applies when neither party wholly prevails, and the determination depends on the extent of relief awarded. *Id.* Whether a party "prevails" is a mixed question of law and fact. *Crow Roofing & Sheet Metal, Inc. v. Thiry*, 2010 WL 1746377, at *8 (Wash. Ct. App. May 3, 2010). If both parties prevail on major issues, each party bears its own costs and fees.[2] *Id.*

## IV.  DISCUSSION

Defendant moves for an award of attorney fees totaling $210,409.50 under the contract's provisions, arguing that it substantially prevailed by defeating Plaintiff's breach of contract claim and avoiding liability. (Mot. at 2-4; Reply at 3-7.) Plaintiff opposes, arguing that because both parties prevailed on major issues and neither party obtained a net monetary judgment, neither is entitled to attorney fees. (Resp. at 3-4.) The Court agrees that neither party is entitled to fees.

While Defendant achieved some success by avoiding liability on Plaintiff's breach of contract claim, securing dismissal of Plaintiff's unjust enrichment claim, and proving its own negligent misrepresentation claim, Plaintiff also achieved significant victories. Plaintiff proved Defendant breached the contract, defeated Defendant's counterclaims for consumer protection violations and fraud, and avoided liability on Defendant's negligent misrepresentation counterclaim. Thus, both parties prevailed on significant issues in the litigation.

---

[2] Following Defendant's Motion for Bill of Costs (dkt. # 85), the Deputy in Charge filed a Taxation of Costs on behalf of Defendant in the amount of $2,948.42 (dkt. # 91). A motion for costs is evaluated under different standards than a motion for attorney's fees. Because Plaintiff did not timely appeal, the Taxation of Costs by the Deputy is final. *See* Local Rules W.D. Wash. LCR 54(d)(3)-(4).

        Defendant unpersuasively argues that its counterclaims were primarily defensive, pointing to "walk away resolution" offers made before and during litigation in which each party would bear its own costs and fees. (*See* Reply at 3; *see also* Chenoweth Decl., ¶ 21; *id.*, Ex. 12; Heston Decl. (dkt. # 89), ¶ 4; *id.*, Ex. 13.) This assertion is belied by the record in at least five key respects. First, Defendant's own trial brief undermines this claim. Defendant dedicated a mere two pages and 590 words to affirmative defenses (dkt. # 42 at 5-7), but devoted more than twice that—four pages and 1,301 words—to its counterclaims (*id.* at 7-11). Second, Defendant presented expert witness testimony specifically to support its counterclaims (dkt. # 48 at 5), a tactical decision wholly inconsistent with a purely defensive posture. Third, the lion's share of the evidence at trial was dedicated to proving Defendant's claims of consumer protection violations, fraud, and negligent misrepresentations. (*See generally* dkt. ## 50, 52, 55). Fourth, Defendant's initial response to Plaintiff's demand letter actively threatened further litigation by suggesting Plaintiff consult its insurance carrier regarding a potential claim by Defendant. (Heston Decl., Ex. 13.) Finally, Defendant's claim that it simply intended to offset liability rings hollow given its demand for a staggering $948,847.36 in damages under each counterclaim, trebled under the consumer protection counterclaim, plus statutory damages of $7,500 for each alleged consumer protection violation, in addition to attorney's fees. (Dkt. # 25 at 10.) These facts paint a clear picture: Defendant strategically chose to pursue a multi-pronged *offensive* litigation strategy far exceeding what was necessary to simply defend against Plaintiff's $121,239.25 breach of contract claim.

        Ultimately, neither party obtained a net monetary judgment or other significant, tangible relief. (*See generally* dkt. ## 62, 80.) Defendant's award for negligent misrepresentation was completely offset by its failure to mitigate damages, resulting in no actual recovery. Similarly,

ORDER - 4

while Plaintiff proved a breach of contract, its recovery was entirely barred by its prior material breach.

Because the victories were neutralized by the findings against each party, neither party truly prevailed in a way that warrants an award of attorney's fees under Washington law. Given the limited relief afforded to each party, neither is entitled to costs as a substantially prevailing party. *See Chappel v. Johnson*, 2025 WL 2640908, at *9 (Wash. Ct. App. Sep. 15, 2025) ("If both parties prevail on major issues, [] there may be no prevailing party.") (quoting *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 702 (Wash Ct. App. 1996).

## V. MOTION TO STRIKE

In its Reply, Defendant moves under Local Rules W.D. Wash. LCR 7(g) to strike Plaintiff's opposition as untimely. (*See* Reply at 1-3.) Although Plaintiff's opposition was filed six days late, the Court finds this to be a minor technicality, particularly because the noting date was set twenty-five days after the Motion was filed—despite Defendant characterizing it as a twenty-one day motion. Given the Court's discretion to consider untimely filings, and given that all briefing was submitted well in advance of the noting date, the Court DENIES the Motion to Strike. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir. 2005) (order on motion to strike is reviewed for abuse of discretion).

## VI. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Strike (dkt. # 88 at 1-3) and Motion for Attorney Fees (dkt. # 83).

Dated this <u>1st</u> day of October, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5